**In re J. M. GARRETT, Bankrupt.**

**OWENS–ILLINOIS, INC., Plaintiff,**

v.

**J. M. GARRETT, Defendant.**

**Adv. No. B79–2591A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Aug. 6, 1981.

Richard L. Stumm, B. Lee Crawford, Jr., O'Callaghan, Saunders & Stumm, Atlanta, Ga., for plaintiff.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This matter comes before us on plaintiff Owens-Illinois, Inc's. ("Owens") motion to compel discovery. It arises in connection with Owens' complaint to determine dischargeability of debt.

The relevant facts are as follows. J. M. Garrett ("Garrett") was subpoenaed to testify via deposition at the offices of his attorney, Frank W. Scroggins, on December 1, 1980. Garrett was instructed by the above-mentioned subpoena to bring "all documents or copies thereof which in any way support the contentions of your defense in this proceeding." See subpoena to witness, issued November 20, 1980.

Garrett gave his oral deposition on December 9, 1980.

On January 20, 1981, attorneys for Owens served Garrett through his attorney with a notice to produce. Said notice to produce requested production "for inspection and copying purposes all documents, letters, memoranda, notes, and other written, transcribed, or recorded things of any nature, described or referred to by Defendant J. M. Garrett in response to questions posed by counsel for Owens-Illinois, Inc., at his oral deposition taken on December 9, 1980, ..." See Notice to Produce, filed January 22, 1981, in this Court. Garrett has not responded to the notice to produce by compliance with it, or by response in this Court.

Attorneys for Owens state that they have been unable to obtain any of the requested documents above described, and further show the Court that these documents are necessary and relevant to Owens' preparation for trial in this proceeding. Accordingly this motion to compel discovery has been filed by Owens requesting the Court to grant an order requiring the production of the documents described herein. Owens also seeks costs for bringing this action. No response to this motion has been made in this Court by Garrett.

## APPLICABLE LAW

Rules 726 and 737 of the Rules of Bankruptcy Procedure provide that Rules 26 and 37 of the Federal Rules of Civil Procedure apply to discovery and sanctions for failure to make discovery in an adversary proceeding. Thus 28 U.S.C. Rules 26 and 37 apply to the motion under consideration.

Rule 26 provides that parties may obtain discovery by production of documents, for inspection and other purposes. See F.R. C.P. Rule 26(a), 28 U.S.C.A. Scope of discovery includes "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party... See F.R.C.P. Rule 26(b)(1), 28 U.S.C.A. See also F.R.C.P. Rule 34, 28 U.S.C.A.

Rule 37 provides the sanctions for failure to make discovery.

(a) *"Motion for Order Compelling Discovery.* A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

.    .    .    .    .

(2) ... if a party, in response to a request, for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, *or an order compelling inspection in accordance with the request."*

It appearing to this Court that plaintiff Owens, having complied with the appropriate rules for discovery, and defendant Garrett having made no response and not having complied with the notice to produce, it is hereby

ORDERED that Owens motion to compel discovery be granted for all documents, letters, memoranda, notes and other written, transcribed or recorded things of any nature, described or referred to by defendant J. M. Garrett in response to questions posed by counsel for Owens-Illinois at his oral deposition taken on December 9, 1980.

IT IS FURTHER provided that Owens request for attorney's fees in this matter be reserved for consideration at a trial on the merits of this case.